UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| KYLE KNOX, individually and on behalf of all others similarly situated, | § § § | DOCKET NO. 7:20-cv-00228 |
| vs. | § § | JURY TRIAL DEMANDED |
| RUBICON OILFIELD INTERNATIONAL HOLDING, LLC. | § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) CLASS ACTION (FED. R. CIV. P. 23) |

### ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1. Plaintiff Kyle Knox ("Knox" or "Plaintiff") worked for Defendant Rubicon Oilfield International Holding, LLC. ("Rubicon" or "Defendant") as a Field Service Agent. Knox and other similarly situated Field Service Agents were paid a salary and a job bonus (or day rate) but no overtime compensation when working more than 40 hours a week. Rubicon's pay practices violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA") and the New Mexico Minimum Wage Act, NMSA §50-4-19, *et. seq.* ("NMMWA").

#### JURISDICTION & VENUE

2. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events giving rise to this claim occurred in this District and Division. Knox performed work for Rubicon in this District in Midland County.

## PARTIES

5. Knox was employed by Rubicon and regularly worked in excess of 40 hours a week without receiving overtime pay. His written consent is attached as Exhibit A.

6. Knox represents at least two classes of similarly situated co-workers.

7. First, Knox brings this action on behalf of himself and all other similarly situated employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class was subjected to the same FLSA violations as Knox and is properly defined as:

> **ALL CURRENT AND FORMER EMPLOYEES OF RUBICON OILFIELD INTERNATIONAL HOLDINGS, LLC DURING THE PAST 3 YEARS WHO WERE PAID A SALARY AND JOB BONUS WITH NO OVERTIME COMPENSATION.**

The members of the FLSA Class are easily ascertainable from Rubicon's business and personnel records.

8. Second, Knox represents a class of similarly situated Field Service Agents under the NMMWA pursuant to Federal Rule of Civil Procedure 23. The NMMWA Class is defined as:

> **ALL CURRENT AND FORMER EMPLOYEES OF RUBICON OILFIELD INTERNATIONAL HOLDINGS, LLC WHO WERE PAID A SALARY AND JOB BONUS WITH NO OVERTIME COMPENSATION.**

9. Collectively, the FLSA Class Members and NMMWA Class Members are referred to as the "Putative Class Members."

10. Defendant **RUBICON OILFIELD INTERNATIONAL HOLDINGS, LLC** is a Delaware corporation doing business throughout the United States, including Texas and New Mexico. Rubicon may be served at 10613 W. Sam Houston Pkwy. N., Suite 600, Houston, Texas 77064 or wherever they may be found.

## COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Rubicon has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

12. At all times hereinafter mentioned, Rubicon has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

13. At all times hereinafter mentioned, Rubicon was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all times hereinafter mentioned, Knox and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## FACTUAL ALLEGATIONS

15. Rubicon is an oil and gas service provider operating throughout the United States and internationally, including in Texas and New Mexico.

16. To provide services to their clients, Rubicon employ oilfield personnel, including Knox.

17. Many of the individuals who worked for Rubicon were paid a salary and job bonus, misclassified as exempt employees, and make up the proposed Putative Classes. While the exact job titles and job duties may differ, the Putative Class Members are and were subjected to the same or similar illegal pay practices for similar work. These so-called exempt employees were paid a salary and job bonus for each day worked in the field, regardless of the number of hours that they worked that day (or in that workweek) without any overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

18. For example, Knox worked for Rubicon as a Field Service Agent during the relevant time period in Texas and New Mexico. Throughout his employment with Rubicon, he was classified as an exempt employee and paid a salary plus a job bonus with no overtime compensation.

19. As a Field Service Agent, Knox regularly worked more than 40 hours each week without receiving overtime compensation. On average, Knox estimates he worked approximately 84 hours each week.

20. As a Field Service Agent, Knox performed non-exempt job duties including rigging up, maintaining, operating, and rigging down oilfield equipment in order to place "frac plugs" into the well.

21. The job functions of Knox and the Putative Class Members were primarily manual labor or technical in nature, requiring little to no official training, much less a college education or other advanced degree.

22. Knox and the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

23. Knox and the Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

24. The work Knox performed was an essential and integral part of Rubicon' core business.

25. No advanced degree is required to become a Field Service Agent. In fact, Rubicon regularly hired Field Service Agents who only have a high-school diploma (or less).

26. Being a Field Service Agent does not require specialized academic training as a standard prerequisite.

27. Knox and the Putative Class Members did not have any supervisory or management duties.

28. To the extent the Putative Class Members make "decisions," such decisions do not require the exercise of independent discretion and judgment.

29. Instead, the Putative Class Members apply well-established techniques and procedures and use established standards to evaluate any issues.

30. Putative Class Members do not set the techniques and procedures utilized to perform their job duties and do not set quality standards.

31. Putative Class Members are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

32. Putative Class Members are blue collar workers who rely on their hands, physical skills, and energy to perform manual labor in the oilfield.

33. With these job duties, the Putative Class Members are clearly non-exempt employees under the FLSA and NMMWA.

34. Rubicon do not pay their Putative Class Members overtime for hours worked in excess of 40 in a single workweek.

35. Instead, Rubicon pay these workers a base salary plus a daily job bonus for days worked in the field. This job bonus is not overtime pay, but rather a lump sum payment that must be included in the Putative Class Members' regular rates of pay.

36. Knox and the Putative Class Members worked for Rubicon in the past three years throughout the United States, including in Texas and New Mexico.

37. As a result of Rubicon' pay policies, Knox and the Putative Class Members were denied the overtime pay required by federal and New Mexico law, because these workers are, for all purposes, employees performing non-exempt job duties.

38. Rubicon keeps accurate records of the hours, or at least the days, its Putative Class Members work.

39. Rubicon also keeps accurate records of the amount of pay its Putative Class Members receive.

40. Because Knox (and Rubicon' other employees) were misclassified as exempt employees by Rubicon, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

41. Knox incorporates all previous paragraphs and alleges that the illegal pay practices Rubicon imposed on Knox were likewise imposed on the Putative Class Members.

42. In addition to Knox, Rubicon employed other Putative Class Members who worked over forty hours per week with no overtime pay, were paid a salary plus shift-rate, and were classified – improperly – as exempt employees. The Putative Class Members performed the job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA and NMMWA. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA and NMMWA. Knox and the members of the Putative Class are similarly situated in all relevant respects.

43. Rubicon imposed a uniform practice or policy on Knox and all Putative Class Members regardless of any individualized factors.

44. Rubicon's failure to pay wages and overtime compensation at the rates required by the FLSA and NMMWA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Putative Class.

45. Knox's experiences are typical of the experiences of all Putative Class Members.

46. Knox has no interests contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Knox has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

47. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

48. Absent this action, many members of the FLSA Class and NMMWA Class likely will not obtain redress of their injuries and Rubicon will retain the proceeds of their violations of the FLSA and NMMWA.

49. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

50. The questions of law and facts common to each of the FLSA and NMMWA Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether Rubicon employed the FLSA and NMMWA Putative Class Members within the meaning of the FLSA and NMMWA;

   b. Whether Putative Class Members were exempt from overtime under the FLSA and/or NMMWA;

   c. Whether Rubicon's decision not to pay overtime to the Putative Class Members was made in good faith under the FLSA; and

   d. Whether Rubicon's violation of the FLSA was willful.

51. Knox's claims are typical of the FLSA and NMMWA Class Members since both have sustained damages arising out of Rubicon's illegal and uniform employment pay policy.

52. Knox knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

53. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

54. The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION
### Violation of the FLSA and NMMWA

55. Knox incorporates the preceding paragraphs by reference.

56. As set forth herein, Rubicon violated the FLSA and NMMWA by failing to pay Knox and the Putative Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a); NMSA § 50-4-22.

57. At all relevant times, Rubicon has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

58. Rubicon employed Knox and each member of the Putative Class.

59. Rubicon's pay policy denied Knox and the Putative Class Members overtime compensation at the legal overtime rates required by the FLSA and NMMWA.

60. Rubicon owes Knox and the Putative Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

61. Rubicon knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA and NMSA. Its failure to pay overtime to Knox and the FLSA Class is willful.

62. Due to Rubicon's FLSA and NMMWA violations, Knox and the Putative Class Members are entitled to recover from Knox their unpaid overtime compensation, liquidated damages, treble damages, reasonable attorney fees, costs, and expenses of this action.

63. The improper pay practices at issue were part of a continuing course of conduct, entitling Knox and the Putative Class Members to recover for all such violations, regardless of the date they occurred.

## JURY DEMAND

64. Knox demands a trial by jury.

**PRAYER**

WHEREFORE, Knox prays for:

a. An order certifying this case as a collective action for the purposes of the FLSA claims under 29 U.S.C. Sec. 216(b);

b. An order certifying class action(s) under F.R.C.P 23 for the purposes of the claims under New Mexico law;

c. An order finding Rubicon liable for violation of state and federal wage laws with respect to Knox and all Putative Class Members covered by this case;

d. A judgment against Rubicon awarding Knox and the Putative Class Members all their unpaid overtime compensation and an additional, equal amount, as liquidated damages and/or penalty damages;

e. An order awarding attorney fees, costs, and expenses;

f. Pre- and post-judgment interest at the highest applicable rates; and

g. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
    Michael A. Josephson
    Texas Bar No. 24014780
    mjosephson@mybackwages.com
    Andrew Dunlap
    Texas Bar No. 24078444
    adunlap@mybackwages.com
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile

    **AND**

    Richard J. (Rex) Burch
    Texas Bar No. 24001807
    **BRUCKNER BURCH, P.L.L.C.**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**